OPINION
In this appeal, submitted on the briefs of the parties, appellant, John B. Tidwell, appeals from the December 17, 1999, judgment of the Trumbull County Court of Common Pleas. Appellant, proceeding pro se, petitioned for a writ of mandamus. Respondent-appellee, the State of Ohio, filed a motion for summary judgment, which the trial court granted. The following facts are relevant to a determination of this appeal.
In 1977, appellant was incarcerated in the State of Ohio on two assault charges. While incarcerated, he was indicted for a murder that occurred in Ohio. The case was tried but resulted in a hung jury. Subsequently, while still incarcerated in Ohio, he was indicted for a murder that occurred in Orange County, California. Appellant was released to the custody of the State of California, tried, and convicted of murder in California, on December 19, 1978. Appellant received a life sentence. California then released him to the State of Ohio where appellant was to be re-tried on the Ohio murder charge. On April 25, 1980, appellant entered a plea of no contest to an amended charge of violating R.C.2901.05, second degree murder, and was sentenced to serve an indefinite term of fifteen years to life in an Ohio prison.
The trial court's judgment entry included an order that appellant be conveyed to the Columbus Correctional Facility and imprisoned therein to serve his sentence. However, the judgment entry made four additional, relevant specifications. First, it also ordered appellant to be returned to the State of California to serve his life sentence for his conviction in that state. Second, notice of his Ohio conviction was to be provided to the California authorities to serve as a detainer upon his person. Appellant, in the event he is released by the State of California, is to be returned to the State of Ohio and serve the remainder of his Ohio sentence. Third, the judgment entry ordered the Superintendent of the Columbus Correctional Facility to take notice of appellant's Ohio murder conviction, for which he had been incarcerated, beginning in Ohio, since June 7, 1977. Fourth, the trial court ordered the Superintendent of the Columbus Correctional Facility to compute time served by appellant on his Ohio murder conviction beginning from June 7, 1977. Appellant's sentence on the Ohio conviction was to run concurrently with the California sentence.
After his sentencing hearing, appellant was returned to the Trumbull County jail and then released to the custody of California authorities and returned to California. Appellant was never conveyed to the Columbus Correctional Facility. Apparently, as a result, appellant was not registered, and is not recognized, as a prisoner of the Ohio Department of Rehabilitation and Correction. Appellant has not been in its custody since his Ohio murder conviction.
Appellant had his first parole hearing on the California conviction in 1987. Appellant alleged in his petition for a writ of mandamus that the State of California will not come to any resolution with respect to paroling him until appellant resolves his Ohio commitment, since the Ohio conviction is for a lesser offense. On April 25, 1989, appellant sought to obtain a parole hearing in the State of Ohio for his conviction here, contacting the Adult Parole Authority by mail. The Adult Parole Authority responded that there could be no parole consideration for the Ohio offense because appellant has never been admitted to the Ohio Department of Rehabilitation and Correction for that offense. The Adult Parole Authority indicated that, since appellant has never been admitted to an Ohio prison, appellant has not yet begun to serve his time for that sentence and, accordingly, is not entitled to a parole hearing.
On August 30, 1999, appellant filed a writ of mandamus in the Trumbull County Court of Common Pleas. The relief appellant requested was either that the Trumbull County Sheriff transport him to the Columbus Correctional Facility so that he could be registered with the Ohio Department of Rehabilitation and Correction as an Ohio prisoner, or, for the sheriff, whom appellant believed to be in possession of his "commitment papers," to send those papers directly to the Columbus Correctional Facility so that he may be registered as a prisoner with the Ohio Department of Rehabilitation and Correction. The rationale underlying appellant's request for relief is appellant's belief that the sheriff had a duty, after he was sentenced, to convey him to the Columbus Correctional Facility before turning him over to the California authorities. Appellant's argument is that because the sheriff did not convey him to the Columbus Correctional Facility, he is not registered as an Ohio prisoner and cannot obtain a parole hearing. Appellant has now served twenty-two years under the terms of his Ohio sentence.
Appellee filed a motion for summary judgment. Appellee argued that he had no legal duty to transport appellant to Ohio for the purpose of registering him as an Ohio prisoner. Appellee also submitted an affidavit averring that the Trumbull County Sheriff searched his records regarding appellant and determined that the sheriff's department does not possess any "commitment papers" regarding appellant. The sheriff averred that no such document exists. The sheriff indicated that petitioner was booked into the Trumbull County Jail on March 14, 1979, approximately three months after his murder conviction in California and, was released to the custody of Orange County, California on May 13, 1980, approximately three weeks after sentencing for the Ohio murder. The trial court found that appellee had no legal duty to transport appellant to Ohio for the purpose of registering petitioner as an Ohio prisoner. The trial court noted that appellant cited no legal authority to cause the court to compel such an act. The trial court also found that appellant failed to demonstrate that appellee was in possession of "commitment papers," in the absence of which appellant's alternative remedy that appellee cause his registration as an Ohio prisoner by forwarding these papers to the Department of Rehabilitation and Correction was moot. Consequently, the trial court granted respondent's motion for summary judgment. From this judgment, appellant timely filed notice of appeal.
Appellant assigned three errors. We shall address them in a consolidated fashion. Appellant argues that he is being deprived his statutory right to a parole hearing and, that his constitutional rights to due process and equal protection of the law are consequently being violated. Specifically, appellant argues he is entitled to a parole hearing based on the time he has served on his sentence. He asserts he is being deprived this right as a result of the failure of the Trumbull County Sheriff to turn him over to the Ohio Department of Rehabilitation and Correction after he was sentenced for his Ohio murder. As a result, the Ohio Department of Rehabilitation and Correction has not recognized his sentence and the Adult Parole Authority has denied him a parole hearing. Appellant points to the trial court judgment entry of April 25, 1980, convicting and sentencing him for murder, which directed the Trumbull County Sheriff to convey him to the Columbus Correctional facility. He argues this order created a legal duty on the part of the sheriff in this case. Through his writ of mandamus, he seeks to have the order given effect. Appellant argues the trial court's judgment was in error because it has denied appellant both of his proposed remedies, resulting in the continued deprivation of his rights. We conclude, however, that the trial court's judgment was not in error. Whether or not appellant is entitled to a parole hearing, he has, in this instance, pursued a remedy with the wrong party.
In order for a writ of mandamus to issue, the relator must demonstrate (1) that he has clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Heller v. Miller (1980), 61 Ohio St.2d 6, paragraph one of the syllabus.
Whether appellant is entitled to a parole hearing while he is in the custody of the State of California serving a life sentence is a question this court need not reach. We disagree with appellant's assertion that California cannot resolve his California sentence until appellant's Ohio commitment is resolved. California has the authority to resolve its sentence as it deems appropriate. It is simply obligated, if it releases appellant, to release him to the custody of the State of Ohio. It would, however, seem that if appellant ever comes into the custody of the State of Ohio, he would be entitled to a parole hearing at the earliest possible date.
Addressing the second prong of the Miller test, appellant's writ of mandamus was directed at the Trumbull County Sheriff, requesting transportation to Ohio for the purpose of facilitating this hearing. The trial court correctly concluded that the sheriff had no such duty. While the judgment entry upon appellant's sentence may have directed appellee to transport appellant to the Columbus Correctional Facility, it simultaneously directed the sheriff to remit appellant to the custody of Orange County, California. Thus, there was no clear order or duty established by that entry. More importantly, appellant's predicament is not the result of the Trumbull County Sheriff not turning him over to the Ohio Department of Rehabilitation and Correction. Rather, it is the result of the Ohio Department of Rehabilitation and Correction, through the Adult Parole Authority, failing to recognize his conviction for murder in Ohio and, more specifically, that under the terms of the court's order, appellant has been serving this sentence since June 7, 1977.
While the trial court denied the petition on the basis of its failure to meet the second prong of the Miller test, appellant also has a plain and adequate remedy at law. Appellant wants the Ohio Department of Rehabilitation and Correction to recognize that, under the terms of his conviction, he has been serving an Ohio sentence for twenty-two years. Appellant needs to file appropriate papers making the Ohio Department of Rehabilitation and Correction a party to his action in a court of appropriate jurisdiction (Franklin County, Ohio). Appellant's legal remedies lie with the Ohio Department of Rehabilitation and Correction and the Adult Parole Authority, not with the Trumbull County Sheriff.
In the absence of a clear duty on the part of the Trumbull County Sheriff, and in light of the existence of plain and adequate remedies at law, the judgment of the trial court was correct. Appellant's assignments of error are without merit. The judgment of the trial court is affirmed.
 ___________________________________ JUDGE WILLIAM M. O'NEILL
CHRISTLEY, P.J., concurs in judgment only with Concurring Opinion, NADER, J., concurs.